### HAWKINS DOWNIE CO v HAGAN

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 21, 1932

A. M. Henderson, Youngstown, and John H. Rans for plaintiff.

Barnum, Hammond, Stephens & Hoyt, Youngstown, for defendant.

**POLLOCK, J.**

The fact is that from these pleadings there is really no issue between these two parties except the issue of the overhead, the plaintiff claiming that it was to be a sum of $1,000, and the defendants, while they do not allege the condition of the contract as to overhead in the answer, they deny the fact as alleged in the petition. When the case came on for trial the defendant asked that it be submitted to a jury. His motion was overruled and the case was tried as an equity case. The refusal of a jury trial is the first question in this case to be determined.

The right to trial by jury in this state is controlled by §11379 **GC:**

"Issues of fact arising in actions for recovery of money only, or specific real or personal property, shall be tried by a jury unless a jury trial be waived or a reference be ordered as hereinafter provided."

Issues of fact arising in actions for the recovery of money only are triable to a jury. The question is whether from these pleadings the issue in this case was an issue for the recovery of money. These two parties entered into a contract. One to bid on the construction of the bridge and if it succeeded in getting the right to build

this bridge, then they would construct it in the manner stated. They have constructed the bridge in that manner and the plaintiff claims he has not been paid his share of the profits and the defendant is denying his right to recover. That is the real issue in this case. Nothing is claimed by the plaintiff for trial by court from the fact that these officials were enjoined, but it is claimed that there was such a relationship between the plaintiff and defendant that an accounting was necessary, and our attention is called to the case of **Harvey v Childs & Potter, 28 Oh St, 319:**

"The liability of one partner for the contracts of another when not estopped from denying the liability is founded on the relation they sustain of being each principal and agent in the joint business. That relation is therefore the true test of a partnership and the liability rests on the ground that it was incurred on the express or implied authority of the party sought to be charged."

Now, these two parties were engaged in erecting this bridge, but each one under the pleadings had his own special duties and work to perform and they were not either principal or agent. They were joint contractors and the recovery sought is a money judgment. The accounting is simply ancillary to the real question in this case or the real object of this suit, the means of determining how much the judgment should be entered for.

Now, without referring to the cases decided by the Supreme Court, we will refer to **1 Ohio Jurisprudence 205, §26:**

"The provisions of §11379 GC declaring that issues of fact arising in actions for the recovery of money shall be tried by a jury unless a jury trial be waived or a reference be ordered as thereinafter provided are given a broad interpretation and include many cases originally regarded as equitable. It has been said to require a jury trial on all actions of account unless there is such a relation of parties as will authorize a court of equity to decree an accounting by trial for the information of the court and is adversary. If all that is sought is to ascertain the amount due and recover judgment therefor, the action is at law and not in equity."

We think this principle announced here adduced from the holding of the Supreme Court is a correct one and all that is asked in this case is to recover a money judgment. We think the court below was in error in refusing this party a trial by jury and trying it as a court case. This conclusion deprives the court below of a right to hear the case and this court has no right to consider the other errors which arose out of the trial which the court had no right to try. This disposes of the only question now before this court and the judgment of the court below is reversed and the cause remanded.

Judgment reversed.

ROBERTS and FARR, JJ, concur in the judgment.